IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **JENNIFER BODINE,** | ) |
| | ) |
| **Plaintiff,** | ) |
| v. | ) Case No. CIV-21-94-RAW-SPS |
| | ) |
| **KILOLO KIJAKAZI,** | ) |
| **Acting Commissioner of the Social** | ) |
| **Security Administration,**[1] | ) |
| | ) |
| **Defendant.** | ) |

### REPORT AND RECOMMENDATION

The claimant Jennifer Bodine requests judicial review pursuant to 42 U.S.C. § 405(g) of the decision of the Commissioner of the Social Security Administration denying her application for benefits under the Social Security Act. She appeals the decision of the Commissioner and asserts that the Administrative Law Judge ("ALJ") erred in determining she was not disabled. For the reasons discussed below, the undersigned Magistrate Judge RECOMMENDS that the Commissioner's decision be AFFIRMED.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if h[er] physical or mental impairment or impairments are of such severity that

---

[1] On July 9, 2021, Kilolo Kijakazi became the Commissioner of Social Security. In accordance with Fed. R. Civ. P. 25(d), Ms. Kijakazi is substituted for Andrew M. Saul as the Defendant in this action.

[s]he is not only unable to do h[er] previous work but cannot, considering h[er] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" 42 U.S.C. § 423 (d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[2]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: (1) whether the decision was supported by substantial evidence, and (2) whether the correct legal standards were applied. *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997) [citation omitted]. The term "substantial evidence" requires "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (*quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). However, the Court may not reweigh the evidence nor substitute its discretion for that of the agency. *See Casias v. Secretary of Health & Human*

---

[2] Step one requires the claimant to establish that she is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires the claimant to establish that she has a medically severe impairment (or combination of impairments) that significantly limits her ability to do basic work activities. *Id*. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity, or if her impairment is not medically severe, disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. pt. 404, subpt. P, app. 1. If the claimant suffers from a listed impairment (or impairments "medically equivalent" to one), she is determined to be disabled without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must establish that she lacks the residual functional capacity (RFC) to return to her past relevant work. The burden then shifts to the Commissioner to establish at step five that there is work existing in significant numbers in the national economy that the claimant can perform, taking into account her age, education, work experience, and RFC. Disability benefits are denied if the Commissioner shows that the claimant's impairment does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

*Services*, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the Court must review the record as a whole, and "[t]he substantiality of evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951). *See also Casias*, 933 F.2d at 800-01.

## Claimant's Background

The claimant was forty-nine years old at the time of the most recent administrative hearing (Tr. 170, 537). She completed eleventh grade and has no past relevant work (Tr. 206, 526). The claimant alleges she has been unable to work since November 14, 2016, due to hernias in both hips, degenerative disc disease, bulging discs from her thoracic to her lumbar spine, inability to bend/stand/walk for extended periods, inability to lift more than five pounds, migraines three to four times per week, deafness in her left ear, and depression (Tr. 205-206).

## Procedural History

The claimant applied for supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-85, on December 31, 2016. Her application was denied. ALJ Elizabeth B. Dunlap conducted an administrative hearing and determined that the claimant was not disabled in a written decision dated August 1, 2018 (Tr. 14-24). The Appeals Council denied review, but this Court reversed and remanded in Case No. CIV-19-197-SPS following an unopposed Motion to Remand submitted by the Commissioner (Tr. 580-581). Following this Court's remand Order, the Appeals Council vacated the ALJ's August 2018 decision and directed that further evaluation of the evidence was warranted, including whether the claimant had additional manipulative

limitations (Tr. 584-586). On remand, ALJ Mark J. Mendola held a second administrative hearing and again determined that the claimant was not disabled in a written decision dated October 30, 2020 (Tr. 511-528). The Appeals Council again denied review, so ALJ Mendola's October 2020 decision represents the Commissioner's final decision for purposes of this appeal. *See* 20 C.F.R. § 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He found that the claimant had the residual functional capacity ("RFC") to perform sedentary work as defined in 20 C.F.R. § 416.967(a), except she could only frequently kneel, crouch, and crawl; only occasionally climb ramps/stairs and stoop; and never climb ladders/ropes/scaffolds. Additionally, he found that she could work in moderate noise or quieter environments and she could occasionally reach overhead bilaterally, but that she should avoid hazards such as dangerous moving machinery and unprotected heights (Tr. 522). The ALJ thus concluded that although the claimant had no past relevant work to return to, she was nevertheless not disabled because there was work she could perform, *e. g.*, telephone quotation clerk, document preparer, and addresser (Tr. 526-528).

## Review

The claimant contends that the ALJ erred by improperly evaluating a consultative examiner's opinion, particularly as to her manipulative limitations. The undersigned Magistrate Judge finds these contentions unpersuasive for the following reasons, and the decision of the Commissioner should therefore be affirmed.

The ALJ determined that the claimant had the severe impairments of degenerative disc disease, degenerative joint disease in her knees bilaterally, degenerative disease of the shoulders, a bilateral hip disorder, migraine headaches, and tinnitus with hearing loss, as well as the nonsevere impairments of gallstones, sleep apnea, visual disturbances, asthma, and mental impairments (Tr. 18). The medical evidence relevant to this appeal reflects that the claimant's documented degenerative disc disease went back as far as 2011, and she was assessed with left shoulder pain and decreased range of motion due to degenerative changes in 2017 from lifting her wheelchair-bound husband for years (Tr. 301-309, 500, 668-669).

The claimant received treatment at Kiamichi Family Medical Center and was largely seen by Physician Assistant Steven C. Petticrew, PA-C (Tr. 370-415). Notes reflect she received trigger-point injections for neck pain and treatment for back pain, noting it was exacerbated by having to lift her wheelchair bound husband (Tr. 370-374). Notes also reflect unspecified joint pain and neck pain (Tr. 378, 380). On January 20, 2017, PA Petticrew completed a Medical Source Statement ("MSS") as to the claimant's physical ability to perform work (Tr. 366-367). He indicated that she could lift up to ten pounds frequently, sit zero to two hours and stand/walk two hours in an eight-hour workday, and that she would need to alternate sitting and standing every five to ten minutes (Tr. 366). As to manipulative limitations, he indicated that she could only occasionally reach in all directions, but that she could frequently handle, finger, and feel (Tr. 366). Additionally, he indicated she could rarely focus and concentrate, she needed to avoid hazards and fumes, and she would need accommodations in walking breaks, reclining breaks, excessive restroom breaks, and leg elevation (Tr. 367). He checked a box to state that she would be

absent from work four or more days per month (Tr. 367). In support of these findings, PA Petticrew referenced the claimant's hip tenderness and leg range of motion limitations, as well as the right shoulder, but stated "all else normal," and noted that the MRIs in the record were too remote to be relevant (Tr. 367).

On October 6, 2015 (over a year prior to the alleged onset date), Dr. Terry Kilgore, M.D., conducted the first of two consultative examinations of the claimant (Tr. 358-365). At that time, Dr. Kilgore assessed the claimant with degenerative disc disease status post fusion, removal of benign tumor lower back, chronic low back pain, bilateral hip pain, and chronic tension headaches (Tr. 360). As to the exam itself, Dr. Kilgore noted that her extremities revealed normal-appearing hands, wrists, and elbows; that she had mild decreased range of motion of the right shoulder; and that she had pain in her back and hip (Tr. 360). The attached "Hand/Wrist Sheet" showed the claimant had slightly reduced range of motion, but he indicated that the claimant could effectively oppose the thumb to the fingertips, manipulate small objects, and effectively grasp tools such as a hammer (Tr. 364).

On August 7, 2017 (after the alleged onset date), Dr. Kilgore conducted a second physical examination of the claimant (Tr. 422-428). He assessed her with degenerative disk disease, lumbosacral spine, status post fusion; history of probable lipoma left hip, status-post surgical resection; chronic back pain; chronic neck pain; bilateral hip pain; and chronic headaches (Tr. 424). He stated that her extremities revealed no cyanosis, clubbing, or edema, and again stated that her hands, wrists, and elbows appeared to be normal, although he noted tenderness over both shoulders with the right more than the left (Tr.

424). In the "Hand/Wrist Sheet," Dr. Kilgore noted slightly more reduced range of motion from his 2015 assessment, and again stated that she could effectively oppose the thumb to the fingertips and manipulate small objects; however, he stated that she could only occasionally effectively grasp tools such as a hammer (Tr. 425).

Treatment notes signed by Dr. Thomas Salyer, D.O., from October 21, 2019 also reflect decreased range of motion and pain in the hips, shoulders, and back, but do not document hand/wrist limitations (Tr. 748). Additionally, Dr. Salyer indicated on July 29, 2020 that the claimant had "full, painless range of motion of all major muscle groups and joints" (Tr. 769).

State reviewing physicians determined initially that there was insufficient evidence to evaluate her claim. Upon reconsideration, Dr. James Metcalf, M.D., found that the claimant could perform light work, but that she could only occasionally stoop and never climb ladders/ropes/scaffolds (Tr. 90-92). He imposed no manipulative limitations.

In his written opinion at step two, the ALJ provided a thorough summary of the claimant's severe and nonsevere impairments, and the attendant medical records (Tr. 514-521). At step four, the ALJ summarized the claimant's administrative hearing testimony, and referred again to the objective evidence and opinions in the record before finding that the claimant could perform sedentary work with the above-mentioned additional limitations (Tr. 522-526). As relevant to this appeal, the ALJ found that the evidence supported Dr. Kilgore's finding that the claimant could manipulate small objects, and he gave no weight to Dr. Kilgore's indication that the claimant could only occasionally grasp a hammer, finding it inconsistent with Dr. Kilgore's own finding that the claimant had

normal hands, wrists, and elbows (Tr. 525). He further pointed out that she did not complain of problems grasping at appointments in June 2017 and November 2017, nor did she have cyanosis or limited range of motion. Additionally, he found that the range of motion limitations Dr. Kilgore documented were not consistent with the claimant's behaviors when she was not formally tested and "[t]hus, they likely do not accurately represent the claimant's ability to engage in range-of-motion related activities" (Tr. 525). He further assigned no weight to PA Petticrew's MSS, finding it inconsistent with treatment records and generally conservative treatment recommendations despite limited range of motion and tenderness to palpation (Tr. 526). The ALJ also noted she sat comfortably during a consultative mental status examination, which he found probative (Tr. 526). He further pointed out that PA Petticrew is a Physician Assistant and not a specialist, and that he only listed the claimant's impairments and did not provide a "detailed narrative assessment" in support of the "extreme" limitations (Tr. 526). The ALJ then concluded that the claimant was not disabled (Tr. 526-528). Finally, the ALJ stated that he assigned some weight to Dr. Metcalf's reviewing opinion as consistent with the consultative exams and overall conservative treatment, but that he reduced the claimant to sedentary work based on her consistent complaints in the record (Tr. 525). He then concluded that the claimant was not disabled.

  The claimant contends that the ALJ erred in evaluating Dr. Kilgore's more recent 2017 opinion because he gave no weight to the objective findings regarding her documented reduced range of motion of the hands/wrists and assigned no related RFC

limitations.³ The undersigned Magistrate Judge finds that the ALJ did not, however, commit any error in his analysis. "An ALJ must evaluate every medical opinion in the record, although the weight given each opinion will vary according to the relationship between the disability claimant and the medical professional. . . . An ALJ must also consider a series of specific factors in determining what weight to give any medical opinion." *Hamlin v. Barnhart*, 365 F.3d 1208, 1215 (10th Cir. 2004) (internal citation omitted) (*citing Goatcher v. United States Department of Health & Human Services*, 52 F.3d 288, 290 (10th Cir. 1995)). The pertinent factors are: (i) the length of treatment relationship and frequency of examination; (ii) nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (iii) the degree to which the physician's opinion is supported by relevant evidence; (iv) consistency between the opinion and the record as a whole; (v) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (vi) other factors brought to the ALJ's attention which tend to support or contradict the opinion. *Watkins v. Barnhart*, 350 F.3d 1297, 1300-01 (10th Cir. 2003) (*citing Drapeau v. Massanari*, 255 F.3d 1211, 1213 (10th Cir. 2001)). Here, the ALJ extensively summarized both of Dr. Kilgore's assessments and conclusions, and specifically rejected the findings related to grasping because they were inconsistent with his observation that she had normal hands, wrists, and elbows, as well as the lack of evidence from any other treatment provider

---

³ Here, the claimant's application for Title XVI benefits was filed December 31, 2016. The undersigned Magistrate Judge recognizes that for claims filed on or after March 27, 2017, medical opinions are evaluated under a different standard pursuant to 20 C.F.R. § 404.1520c, which is not applicable here.

as to such limitations. Even PA Petticrew, whose opinion was rejected by the ALJ (a finding which the claimant has not challenged) after addressing all of the *Watkins* factors, only found the claimant limited to frequent reaching handling, and feeling with occasional overhead reaching in all directions, which would not have affected the jobs identified even if his opinion *had* been adopted (Tr. 366). And the ALJ's RFC *did* account for overhead reaching limitations bilaterally (Tr. 522, 571). The undersigned Magistrate Judge therefore finds that the ALJ considered Dr. Kilgore's opinion in accordance with the appropriate standards and properly concluded it was not entitled to any weight.

The claimant nevertheless contends that the ALJ improperly rejected the limitation to only occasionally grasping tools because the "normal" appearance of the hands, wrists, and elbows referred only to appearance and not functionality, but it is clear the ALJ considered whether these limitations applied to the claimant, and this Court may not reweigh the evidence and simply determine a different RFC. The ALJ thus did not commit error in failing to include any additional limitations. *See Salazar v. Barnhart*, 468 F.3d 615, 621 (10th Cir. 2006) ("[W]e 'neither reweigh the evidence nor substitute our discretion for that of the Commissioner.'") (*quoting Hamlin v. Barnhart*, 365 F.3d 1208, 1214 (10th Cir. 2004)). *See also Best-Willie v. Colvin,* 514 Fed. Appx. 728, 737 (10th Cir. 2013) ("Having reasonably discounted the opinions of Drs. Hall and Charlat, the ALJ did not err in failing to include additional limitations in her RFC assessment."). In fact, the ALJ noted and fully discussed the findings of all of the claimant's various treating, consultative, and reviewing physicians, including Dr. Kilgore. The ALJ's opinion was therefore sufficiently clear for the Court to determine the weight assigned these opinions,

as well as sufficient reasons for the weight assigned. *Oldham v. Astrue*, 509 F.3d 1254, 1258 (10th Cir. 2007) ("The ALJ provided good reasons in his decision for the weight he gave to the treating sources' opinions. Nothing more was required in this case.") [internal citation omitted].

The ALJ specifically noted every medical record available in this case, gave reasons for his RFC determination, and ultimately found that the claimant was not disabled. *See Hill v. Astrue*, 289 Fed. Appx. 289, 293 (10th Cir. 2008) ("The ALJ provided an extensive discussion of the medical record and the testimony in support of his RFC finding. We do not require an ALJ to point to 'specific, affirmative, medical evidence on the record as to each requirement of an exertional work level before [he] can determine RFC within that category.'") (*quoting Howard v. Barnhart*, 379 F.3d 945, 949 (10th Cir. 2004)). This was "well within the province of the ALJ." *Corber v. Massanari*, 20 Fed. Appx. 816, 822 (10th Cir.2001) ("The final responsibility for determining RFC rests with the Commissioner, and because the assessment is made based upon all the evidence in the record, not only the relevant medical evidence, it is well within the province of the ALJ.") (internal citations omitted). The essence of the claimant's appeal is that the Court should reweigh the evidence and reach a different result, which the undersigned Magistrate Judge simply may not do. *See, e. g., Casias*, 933 F.2d at 800. Accordingly, the decision of the Commissioner should be affirmed.

## Conclusion

As set forth above, the undersigned Magistrate Judge PROPOSES that correct legal standards were applied by the ALJ and the decision of the Commissioner is therefore

supported by substantial evidence. Accordingly, the undersigned RECOMMENDS that the decision of the Commissioner be AFFIRMED. Any objections to this Report and Recommendation must be filed within fourteen days. *See* Fed. R. Civ. P. 72(b).

**DATED** this 1st day of August, 2022.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**